377 So.2d 549 (1979)
Irving JOHNSON, Plaintiff-Appellant,
v.
MORTON SALT COMPANY, Defendant-Appellee.
No. 7211.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1979.
Sylvia R. Cooks, Lafayette, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Robert M. Mahony, Lafayette, for defendant-appellee.
Before DOMENGEAUX, FORET and SWIFT, JJ.
SWIFT, Judge.
This suit for workmen's compensation benefits was filed by the plaintiff-appellant, Irving Johnson, against Morton Salt Company, defendant-appellee, on January 5, 1978. Plaintiff alleges that he suffered a heart attack during the course and scope of his employment on July 30, 1976. *550 Defendant filed exceptions of peremption and prescription, asserting no workmen's compensation benefits had ever been paid to plaintiff and thus the action was barred under LSA-R.S. 23:1209.[1]
The trial judge sustained the exceptions and rendered oral reasons in support thereof. The plaintiff has appealed. We affirm.
The facts are that Mr. Johnson suffered a heart attack while performing his duties at the Morton Salt Company. As a result, he was unable to return to work for several months. Morton Salt arranged for plaintiff to receive accident and sickness benefits through a group insurance plan carried by the company for its employees. Mr. Johnson received these benefits for twenty-six weeks, the maximum allowed. The payments were terminated in February, 1977, as was plaintiff's employment with Morton Salt.
Johnson acknowledges that more than one year elapsed between the accident and the institution of his suit. However, he contends he was misled into believing that the payments he was receiving were workmen's compensation benefits, causing him to delay claiming such benefits, and therefore Morton Salt is barred from asserting that prescription has run.
Our jurisprudence has recognized this exception to the one year peremptive or prescriptive period. In Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972), the court stated:
"The purpose of the one year prescription is to protect employers from the burdensome litigation of stale claims. When, however, the employer lulls the employee into a false sense of security, causing him to withhold suit until after the period has expired, the employer cannot invoke the time bar to defeat compensation."
Thus, the principal issue in this case is whether plaintiff was lulled into believing that the sickness and accident benefits he received were workmen's compensation benefits, inducing him to forebear filing a compensation suit.
There being no dispute that more than one year had elapsed between the accident and suit, the burden of proof was on plaintiff to show that prescription was interrupted as a result of some action or inaction on the part of defendant. Blanchard v. Liberty Mutual Insurance Co., supra.
The trial judge concluded the plaintiff did not fulfill the required burden of proof and we agree.
With each of the payments received by Mr. Johnson there was an "EXPLANATION OF BENEFITS" sheet or check stub containing a notation that they were "A & S" (accident and sickness) benefits. The claim form which he completed to obtain these benefits was clearly headed "ACCIDENT AND SICKNESS CLAIM". Further, in answer to the question on this form, "Did the sickness or injury arise out of the employee's employment?", Mr. Johnson said "No."
The collective bargaining agreement entered into between Morton Salt and plaintiff's union provided the following:

"B. EMPLOYEE SICKNESS AND ACCIDENT BENEFITS:
"The Sickness and Accident benefits .. will be carried by the Company at no expense to the employees. Moreover, the Company shall pay the difference between the Weekly Sickness and Accident benefit applicable and any weekly Disability Benefit payable under the Workmen's Compensation laws for disabilities due to occupational sickness or accident, for up to Twenty-six (26) weeks, beginning with the Second (2nd) full week of such disability."
Rather than being misleading, this section clearly indicates that there is a distinction between the two types of benefits.
In addition, Claude Bienvenu, who was the office manager in charge of group insurance, *551 workmen's compensation, pensions and accounting at that time, testified he had discussed with Mr. Johnson the collective bargaining agreements and explained to him the difference between accident and sickness benefits and workmen's compensation benefits. The plaintiff testified to the contrary. However, the trial judge stated in his reasons for judgment that Mr. Johnson's credibility was subject to serious question.
It is alleged in the petition and repeated in plaintiff's brief that he conversed with the union president who advised him he had a year and a day from the date the company terminated his employment to institute any action. However, there is no proof of this in the record. Even so, such advice could not be imputed to Morton Salt. The evidence does not indicate that the latter distributed any misleading or false information either to the union or to Johnson.
The facts in this case closely parallel those in Richard v. Liberty Mutual Insurance Co., 188 So.2d 432 (La.App. 3 Cir. 1966), wherein an exception of prescription was sustained after it was found that the employee was not lulled into the mistaken belief he was receiving workmen's compensation. There, the first three checks received by the employee showed on their face that they were for "Employee Accident and Sickness Weekly Benefits", the company notified its employees of the group insurance plan through pamphlets, and the employer had advised the employee as to the nature of the payments.
Mr. Johnson was just as informed as to the difference between workmen's compensation and the benefits he received as was the plaintiff in Richard. Furthermore, Johnson had been paid accident and sickness benefits by his employer a number of times before for claims unrelated to his employment.
We find ample support in the record for the finding of the trier of fact that Mr. Johnson was not misled in any way by Morton Salt. We are convinced the company actually informed him of the nature of the payments he was receiving. Certainly, the findings of the trial judge and his judgment are not clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Accordingly, the judgment of the trial court is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED
NOTES
[1] Although often referred to as prescription, the delay provided in this section of our workmen's compensation act is really one of peremption. Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3 Cir. 1973).