479 So.2d 939 (1985)
Hazel Leonard SCHULIN
v.
SERVICE PAINTING COMPANY OF LOUISIANA and St. Paul Fire & Marine Insurance Company.
No. CA 85 0725.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
Writ Denied January 24, 1986.
*940 Vicki M. Crochet, Baton Rouge, for plaintiff-appellee Hazel Leonard Schulin.
Denis P. Juge, New Orleans, for defendant-appellant Service Painting Co. of La. and St. Paul Fire and Marine Ins. Co.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
This is a Worker's Compensation suit. Defendants, employer and insurer, suspensively appeal the District Court ruling granting summary judgment to the widow of the deceased former employee.
Frank Schulin was employed from approximately 1977 through December 23, 1983 as a painter/sandblaster by Service Painting Company, hereafter "Service", at the Exxon Refinery in Baton Rouge. At the time he was first seen in Earl K. Long Memorial Hospital's Emergency Room on February 3, 1984, suffering from congestive heart failure, he related that prior to becoming "recently unemployed" he had been employed seventeen years as a sandblaster. He related no past medical history, no hospitalizations, no allergies, and that he was not taking any medicines. He was admitted to the hospital for diagnostic procedures, including pulmonary workup, "possible bronchoscopy" and treatment of his congestive heart failure. He died at 1:18 p.m., February 6, 1984 before the diagnostic work-up had been completed. He was 53 years old.
The "clinical summary" stated that Mr. Schulin's "clinical history and chest x-ray findings are consistent with diffuse infiltrative lung disease secondary to silicosis complicated by a smoking history" and "the cause of death ... was cor pulmonale (heart failure) secondary to his pulmonary disease."
Plaintiff, Hazel Leonard Schulin, notified Service by letter, dated May 22, 1984 and sent by certified mail, that she was claiming death benefits under the Louisiana Worker's Compensation Law, La.R.S. 23:1021 et seq.; Service received the letter May 24, 1984. Thereafter plaintiff submitted her claim to the Office of Worker's *941 Compensation Administration, Louisiana Department of Labor, hereafter "OWCA", for resolution of the dispute in accordance with La.R.S. 23:1310 et seq., adopted as Act No. 1 of the First Extraordinary Session of 1983.
By letter dated August 30, 1984, directed to Service's insurer, St. Paul Fire & Marine Insurance Company, hereafter, "St. Paul", plaintiff, and plaintiff's attorney, OWCA stated, in pertinent part, that:
. . . . .
Based on the information submitted to this office, Frank Schulin's death was work related.
It is the recommendation of this office that death benefits be paid to Hazel Leonard Schulin from February 7, 1984..., as provided in La.R.S. 23:1232.
Penalties are assessed against St. Paul
. . . . .
Attorney's fees are hereby assessed against St. Paul ...

Within 30 days of receipt of this recommendation, each party shall notify this office of the acceptance or rejection of the recommendation by so indicating on one of the two copies enclosed and returning the signed copy to this office. A party failing to notify this office shall be conclusively presumed to have accepted the recommendation of this office. (Emphasis is ours.)
The recommendation letter to St. Paul was directed to the attention of Jack Harres and the return receipt attached to the letter reflected the letter was received by St. Paul September 7, 1984. Exhibit # 2, attached to St. Paul's countervailing affidavit filed in opposition to the motion for summary judgment filed by plaintiff, reflects that Jack Harres rejected the recommendation of OWCA on "10/10/84". The affidavit stated, inter alia, that "The first communication that I received from the Office was the Recommendation which I rejected and mailed to the Office of Workers' (sic) Compensation as soon as I discovered it in my mail. (See exhibit 2)."
In support of her motion for summary judgment, plaintiff filed the affidavit of the official charged with administering the "claim resolution" provisions of the Worker's Compensation Law as revised in 1983. That affidavit stated, in part, that "no timely rejection of that recommendation was received by this office (all as more fully reflected in the certificate issued by the Office ..., attached to this Affidavit as Exhibit `B')."

DISTRICT COURT RULING
On February 22, 1985, a hearing on the motion for summary judgment was conducted and judgment granted as prayed for. Service and St. Paul timely appealed the judgment signed on March 18, 1985.

ASSIGNMENTS OF ERROR
Defendants-appellants assign eight assignments of error, as follows:
1. The trial court erred by granting a final, unappealable judgment on the merits in a compensation claim without affording due process of proper notice and an opportunity to be heard.
2. The trial court erred by awarding judgment for attorneys fees and penalties pursuant to a penal statute without due process requirements of adequate notice and an opportunity to be heard.
3. The trial court erred by interpreting Section 1310.1 of the compensation statute in such a way as to allow termination of the claims resolution process by simple inadvertance.
4. The trial court erred by failing to interpret the conclusive acceptance language of Section 1310.1 liberally as providing a closure on the administrative process.
5. The trial court erred by ignoring mandatory language of the compensation statute that an Office recommendation is advisory and not binding on the parties.

*942 6. The trial court erred by admitting into evidence a copy of an office recommendation which was statutorily inadmissible.
7. The trial court erred by failing to recognize that the Office recommendation offered in support of a motion for summary judgment was hearsay by its very nature.
8. The trial court erred by granting summary judgment when every fact bearing on compensability was in dispute.

ASSIGNMENTS 1, 2 and 3
We combine the first three assignments of error for discussion purposes.
Defendant-appellants correctly argue that "the only adequate notice for due process is effective notice" but incorrectly argue that because OWCA did not send the recommended decision to St. Paul's attorney, as St. Paul's claim's representative, Jack Harres, requested, "the only fair notice to St. Paul would be actual notice to Jack Harres." (Emphasis in defendants-appellants' brief.)
In Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984), the Louisiana Supreme Court held the ordinary, first class mail notice provision of La.R.S. 23:1630 did not violate "due process" requirements, thus holding that a petition for judicial review of the decision of the Board of Review denying unemployment compensation benefits was untimely because the claimant "failed to rebut the presumption that the notice was mailed on September 2" or more than fifteen days before he filed his petition for judicial review.
Justice Lemmon, for the Court, in Bailey, reasoned, in pertinent part, as follows:
... Due process requires "at a minimum... that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case". Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656-7, 94 L.Ed. 865 (1950).... Balancing the state's interest in bringing issues to final settlement against individual interests protected by the Fourteenth Amendment, the Supreme Court held ... that due process required mailing of notice by regular mail to each of the known beneficiaries [of the common trust fund] at his record address. The Court stated:
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314, 70 S.Ct. at 657 (Citations omitted.)
The import of the Mullane decision is that the notice required by the statute under consideration must be reasonably calculated, under all the circumstances, to inform the parties of their rights. The Court noted that personal service is not an indispensable requirement and that due process does not necessarily require that the notice actually reach the parties, but only requires a method reasonably calculated to inform the parties. The Court further explained that the notice in the newspaper to known beneficiaries was inadequate, "not because in fact it fail[ed] to reach everyone, but because under the circumstances it [was] not reasonably calculated to reach" them. Id. at 319, 70 S.Ct. at 660.
Using the Mullane principle of balancing the interests of the state against those of the individual, we conclude in the present case that the statutory notice by regular mail is reasonably calculated to give notice to plaintiff. The statute does not exclude the possibility that delayed delivery of a notice could cause a party to lose his right of review before he even receives notice that the delay for applying has begun to run. Indeed, this case may be an example. Nevertheless, the method of notice required by the statute is reasonably calculated to inform interested parties of the event which commenced the period for exercising their rights and to afford *943 them an opportunity to make their appearance....

Plaintiff also contends that the statute's lack of a requirement of mailing the notice to his attorney rendered the notice procedure unconstitutional. He... was represented by an attorney before the appeal tribunal and ... his attorney requested that notice of the decision be sent to him.
A provision for notice to the attorney of record may have been beneficial to this plaintiff, but it is not constitutionally required. Due process does not require that the attorney be notified, because notice sent to the interested party is reasonably calculated to give him notice.
453 So.2d at 240-241. (Emphasis supplied.)
Accepting the OWCA administrator's affidavit, together with his certificate attached thereto, as true, St. Paul, "an interested party", received the recommended decision of OWCA on September 7, 1984. Accepting Jack Harres' affidavit as true, he wrote "rejected" on the appropriate line of the copy of the recommendation, followed by his signature and the date October 10, 1984, "as soon as [he] discovered it in [his] mail"; St. Paul perhaps mailed it that day, although the affidavit is silent on that point and no testimony was taken at the hearing on the motion for summary judgment.
OWCA is mandated by La.R.S. 23:1310.1 to "issue its recommendation for resolution" within thirty days after receiving the claim "and provide the parties with a copy of the recommendation by certified mail, return receipt requested."[1] The same section grants "each party" thirty days after receiving the OWCA recommendation to notify OWCA "of the acceptance or rejection of the recommendation" and states in no uncertain terms that "a party failing to notify ... [OWCA] shall be conclusively presumed to have accepted the recommendation...".
Applying the rationale of Bailey v. Cajun Insulation, supra, which relied on Mullane v. Central Hanover Bank & Trust Co., supra, we hold that the certified mail notification of OWCA's recommendation for resolution to all parties to the "bona fide dispute", be they individuals or large or small business entities which employ numerous people to process vast amounts of mail for further handling by claims representatives and others who perform like functions, more than meets the minimum due process standards for the sufficiency of notice. The certified mail notification method "is reasonably calculated to inform interested parties of the event which commenced the period for exercising their rights and to afford them an opportunity to" reject OWCA's recommendation for resolution. Likewise, notice to St. Paul's attorney "may have been beneficial to" defendant St. Paul "but it is not constitutionally required", it being sufficient to send the interested party itself, St. Paul, the notice.
Assignments 1, 2 and 3 are therefore without merit. We deem it unnecessary to address the remaining assignments of error.

PEREMPTION
"Our jurisprudence has indicated that the test for determining whether a period for instituting an action is peremptive or prescriptive, is whether the statute creating the right also stipulates the time in which it must be exercised." Guidry v. Theriot, 377 So.2d 319, 325 (La.1979). The appellate courts of this state are empowered to notice, sua sponte, the applicability of the doctrine of peremption. Austin v. Administrator, Division of Employment Security, Department of Labor, 158 So.2d 74, 79 (La.App. 1st Cir.1963); Delta Air Lines v. Brown, 115 So.2d 903, 906 (La. App.1959).
*944 "When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but it is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost." Pounds v. Schori, 377 So.2d 1195, 1198 (La.1980); Flowers, Inc. v. Rausch, 364 So.2d 928, 930 (La.1978); Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899, 901 (1900); Delta Air Lines v. Brown, supra; Austin v. Administrator, etc., supra. Peremption, a common law term which has infiltrated our jurisprudence, is, in reality, the civil law equivalent of "forfeiture." Pounds v. Schori, supra, at 1198, citing Flowers, Inc. v. Rausch, supra. La.R.S. 23:1209 has been recognized by the jurisprudence as establishing a peremptive period. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972); Johnson v. Morton Salt Co., 377 So.2d 549, 550 (La.App. 3rd Cir.1979); Blanchard v. Liberty Mutual Insurance Co., 280 So.2d 592 (La.App. 3rd Cir.1973).
We hold that La.R.S. 23:1310.1 establishes a peremptive period. Thus, an interested party to a bona fide dispute involving a worker or a former worker's statutory dependent, be it the claimant, insurer, or employer, must reject the recommendation for resolution and communicate that rejection to OWCA "within thirty days of receipt of the recommendation" or else the opportunity to reject ceases to exist. Simply mailing the rejection within 30 days will not suffice. The purported rejection by St. Paul came after the peremptive period expired and its attempted rejection was without legal effect, the privilege to reject having been forfeited.
For the foregoing reasons, the judgment appealed from is affirmed. Defendants-appellants, Service Painting Co. and St. Paul Fire & Marine Insurance Company, are cast for all costs of these proceedings in this court and in the District Court. C.C.P. art. 2164.
AFFIRMED.
NOTES
[1] "Parties", for purposes of notice, means the employee or his dependant and the employer or his insurer. La.R.S. 23:1310.1(B).