486 So.2d 319 (1986)
Donald HENRY, Plaintiff-Appellant,
v.
SIMMONS FAMILY INVESTMENTS, INC., d/b/a The Omelette Shoppe, Defendant-Appellee.
No. 85-328.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1986.
*320 Edward J. Milligan, Jr., Lafayette, for plaintiff-appellant.
Preis, Kraft, Laborde & Daigle, Walter K. Jamison, III, Lafayette, for defendant-appellee.
Before KNOLL, KING and BRUNSON,[*] JJ.
KNOLL, Judge.
Donald Henry appeals the dismissal of two worker's compensation claims for permanent total disability benefits for injuries he sustained in the course and scope of his employment as a restaurant manager, and subsequently as an area supervisor, for Simmons Family Investments, Inc. d/b/a The Omelette Shoppe (defendant). Henry contends he received severe disabling injuries: (1) on June 18, 1983, when he slipped and fell at the restaurant, injuring the lumbar area of his back and aggravating his pre-existing back condition; and (2) on August 13, 1983, when he sought medical treatment for severe chest pains and an ulcer. The trial court granted defendant's motion to dismiss Henry's claim as to the August 13 accident because of Henry's failure to comply with procedural requirements under the 1983 Worker's Compensation Act. After trial on the merits, the trial court dismissed Henry's remaining claim as to the June 18 accident, finding that Henry failed to carry his burden of proving a disabling injury. On appeal, Henry contends the dismissal of both claims is contrary to the law and evidence, thereby constituting an abuse of the trial court's discretion. We affirm.

FACTS
Donald Henry, 34 years of age, began his employment with defendant in May 1983. He worked as a cashier for two days, and then as manager of the New Iberia restaurant. After approximately one month, Henry was promoted to area supervisor.
On June 18, 1983, while Henry was employed as manager, he slipped and fell at the restaurant, allegedly injuring his back. Henry continued working, and neither complained of any back pain nor sought any medical attention for this injury until August 30, 1983, when he saw Dr. Douglas Bernard, an orthopaedic surgeon. Dr. Bernard stated that Henry was a very apprehensive, nervous individual who seemed to overreact throughout the examination. Dr. Bernard opined that Henry was a malingerer, placed no work restrictions on him, and prescribed no medication. When Dr. Bernard saw Henry on January 29, 1984, more than seven months after the accident, Henry made his first complaint of neck pain, allegedly resulting from the June 18 slip and fall.
Henry saw Dr. James Lafleur, another orthopaedic surgeon, on January 3, 1984, for back pain. Dr. Lafleur likewise found no objective signs of back injury. All of Henry's x-rays were normal. Dr. Lafleur placed no work restrictions on Henry, but prescribed medication, advised conservative care of his back and recommended physical therapy because of Henry's subjective complaints of pain in his back and neck; he asked Henry to return in three weeks for a follow-up visit. Henry failed to attend physical therapy, and did not return for his follow-up visit until more than seven months later. He continued to complain of back and neck pain.
*321 Dr. Thomas Bertuccini, a neurosurgeon, examined Henry on November 11, 1984, approximately seventeen months after the slip and fall. He placed a thirty pound restriction on Henry's lifting, pushing, or pulling items. It was Dr. Bertuccini's opinion that if Henry's symptoms occurred immediately, or within 24 to 48 hours after the accident, then it is more probable than not that the accident caused Henry's symptoms. He further opined that if Henry's symptoms were delayed by several weeks, then the fall may have caused some of Henry's symptoms but probably not all of his symptoms.
Henry had a prior surgery on his back in 1980 for an employment-related injury, and was assigned a disability rating of 15 percent. At that time, he was employed by Dravo, Inc. Following his alleged back injury of June 18, Henry continued his employment with defendant. On August 12, 1983, Henry received a reprimand for unsatisfactory performance and for bringing his personal problems to work. The next day, Henry saw Dr. Burt Bujard, an internal medicine specialist, complaining of chest pains, indigestion, and tension headaches; all of these symptoms were allegedly work-related.
The trial court allowed the testimony of Dr. Bujard under proffer. He testified that Henry was admitted to Iberia General Hospital on August 13, 1983, Henry's last day of work for defendant. At that time, Henry was smoking a pack of cigarettes and drinking ten to twelve cups of coffee per day. He had previously smoked two to three packs of cigarettes daily. Dr. Bujard found Henry had some evidence of duodenitis, which is an inflammation of the small bowel just past the stomach. Duodenitis is most commonly found in people who smoke and drink in excess, nervous people, and people under stress. Dr. Bujard opined that Henry's smoking and drinking coffee in excess or Henry's job or a combination of both could have caused his condition. Upon Henry's discharge, Dr. Bujard prescribed Tagamet, Mylanta II, Ativan, and a bland diet. Dr. Bujard found nothing wrong with Henry's heart; his final diagnosis was chest pain, etiology undetermined.

ACCIDENT OF JUNE 18, 1983
Henry's claim for disability benefits arising out of the slip and fall accident of June 18, 1983 is subject to the 1950 Worker's Compensation Act. The determinative issue is whether Henry proved his disabling injury by a preponderance of the evidence.
The plaintiff-employee in a worker's compensation case bears the burden of establishing the causal connection between the disability and the employment accident by a reasonable preponderance of the evidence. Hammond v. Fidelity & Cas. Co. of New York, 419 So.2d 829 (La.1982); Prim v. City of Shreveport, 297 So.2d 421 (La. 1974). The claimant must prove to a legal certainty and by a reasonable preponderance of the evidence the nature and the extent of his disability. Gallien v. Supreme Contractors, Inc., 448 So.2d 871 (La.App.3rd Cir.1984); Daney v. Argonaut Ins. Co., 421 So.2d 331 (La.App. 1st Cir. 1982).
The factual findings of the trial court should not be disturbed on appeal when there is evidence properly before the court, which furnishes a reasonable factual basis for the trial judge's findings, unless these findings are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
In the instant case, we are favored by the trial court's well-considered oral reasons for judgment, which provide in pertinent part:

"The Court believes in fact the accident did occur in June of nineteen eighty-three, and that Mr. Henry did slip and fall while working for The Omelet [sic] Shoppe in nineteen eighty-three. I am not sure, and it has not been proven to me by a preponderance of the evidence that there was an injury resulting from that particular slip and fall. Certainly if there was an injury, it was *322 not a disabling injury, in that the physicians have not stated that there was a disabling injury; in fact, to the contrary,... no one testified that he could not in fact work after this particular incident. Further, the Court finds it odd that Mr. Henry waited until August thirtieth or so to consult a physician pertaining to this particular back injury, this being some time after he was terminated from employment at The Omelet [sic] Shoppe. The Court also found it very odd that in reviewing the reports that were introduced into evidence from the Iberia General Hospital, that during the time of his hospitalization none of the notes reflected that he had requested any pain medication and made any complaints pertaining to pain. Had he made those complaints then, the Court may feel differently. Had Mr. Henry sought medical attention prior to August thirtieth,... nineteen eighty-three for his back injury, and within any reasonable time after that slip and fall, the Court would be much more sympathetic to his position. The Court feels that the plaintiff has not borne his burden in this matter, and will find totally in favor of the defendant, dismissing the petition as claimed, at petitioner's costs."

The record contains overwhelming evidence to support the trial court's judgment. Of the three doctors Henry saw regarding his alleged disabling back injury, none of them could find anything wrong with him, and one doctor classified Henry as a malingerer. We find Henry failed to prove any disability; therefore, we cannot say that the trial court committed manifest error in finding that Henry did not prove his claim by a preponderance of the evidence.

ACCIDENT OF AUGUST 13, 1983
Henry contends he is entitled to worker's compensation disability benefits for severe injuries to his heart, chest pains, and an ulcer, all of which were caused by his employment as an area supervisor of the Omelette Shoppe. These injuries allegedly occured on August 13, 1983; therefore, the 1983 Worker's Compensation Act is applicable. The following procedural guidelines are pertinent to the instant case:
LSA-R.S. 23:1310.1, at the time of the August 13, 1983 injury, provided in pertinent part:
"A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties."
LSA-R.S. 23:1311 provides:

"A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction *323 of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.

B. The verified petition shall set forth:
(1) The names and addresses of the parties.
(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.
C. The petition shall have attached to it a copy of the office's certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected."
LSA-R.S. 23:1314 provides:
"A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim."
In the instant case, the Office of Worker's Compensation issued its recommendation as to Henry's August 13, 1983, injury on October 28, 1983. Henry was notified by mail that he had thirty days to accept or reject the recommendation, and further, that any party failing to notify the Office of Worker's Compensation shall be conclusively presumed to have accepted its recommendation. Henry's rejection of the recommendation is dated November 26, 1984, approximately thirteen months after issuance.
Henry's original petition was filed on June 18, 1984. The petition neither states that the claim for compensation was submitted to the office for informal resolution and that such attempt to informally resolve the claim failed, as required by R.S. 23:1311(B)(4), nor does it have attached to it a copy of the office's certificate that the claim was submitted to the office but that the office's recommendation was rejected, as required by R.S. 23:1311(C). After answer was filed but prior to trial on the merits, defendant filed an exception of prescription and no cause or no right of action, or in the alternative, a motion to dismiss and/or motion for summary judgment.
On appeal defendant attempts to raise an exception of prematurity for the first time. Defendant contends the issue is properly raised because R.S. 23:1314(C) mandates that the court determine whether the petition is premature before proceeding with the hearing of the other issues involved *324 with the claim, and further, that the statutory mandate deems his objection more akin to no cause of action or lack of subject matter jurisdiction. We disagree. Noncompliance with the statutory requisites for filing of the petition would render the suit premature. See Dupre v. Travelers Ins. Co., 477 So.2d 1279 (La.App. 3rd Cir.1985). However, prematurity is a dilatory exception which is waived if not pleaded prior to answer or judgment by default, or if not filed at the same time as the answer in a worker's compensation suit. LSA-C.C.P. Arts. 926, 928; Kidder v. Power Rig Drilling Co., Inc., 460 So.2d 769 (La.App. 3rd Cir.1984). Since defendant did not timely file an exception of prematurity in the trial court, the exception was waived; therefore, the issue is not properly before us.
Defendant further argues that Henry's action has prescribed, since he did not timely exercise his right to reject the recommendation of the Office of Worker's Compensation.
Our jurisprudence has indicated that the test for determining whether a period for instituting an action is peremptive or prescriptive, is whether the statute creating the right also stipulates the time in which it must be exercised. The appellate courts of this state are empowered to notice, sua sponte, the applicability of the doctrine of peremption. Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986).
When a statute creates a right of action, and stipulates the delay within which that right is to be executed, the delay thus fixed is not, properly speaking, one of prescription, but is one of peremption. Statutes of prescription simply bar the remedy. Statutes of peremption destroy the cause of action itself. That is to say, after the limit of time expires the cause of action no longer exists; it is lost. Schulin, supra.
In Schulin, supra, our brethren of the First Circuit held that LSA-R.S. 23:1310.1 establishes a peremptive period. Thus, an interested party to a bona fide dispute involving a worker's compensation claim must reject the recommendation for resolution and communicate that rejection to the Office of Worker's Compensation within thirty days of receipt of the recommendation or else the opportunity to reject ceases to exist.
In the instant case, Henry's purported rejection came after the peremptive period expired, therefore, his attempted rejection was without legal effect. We find defendant's peremptory exception of no cause of action clearly applies to the immediate situation and is hereby sustained. Accordingly, we conclude that the trial court properly dismissed Henry's claim as to the accident of August 13, 1983.
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to the appellant, Donald Henry.
AFFIRMED.
NOTES
[*] Judge Hugh Ellis Brunson of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.