509 So.2d 508 (1987)
Charles BAILEY, Plaintiff-Appellant,
v.
PACIFIC MARINE INSURANCE CO., et al., Defendants-Appellees.
No. 86-468.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Writ Denied June 5, 1987.
*509 Chris Smith, III of Smith and Ford, Leesville, for plaintiff-appellant.
Hall, Lestage and Landreneau, H.O. Lestage, III, Deridder, for defendants-appellees.
Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
Plaintiff, Charles Bailey, filed suit against his former employer, J.T. White, and White's worker's compensation insurer, Pacific Marine Insurance Company. The suit was dismissed without prejudice on an exception of prematurity because plaintiff failed to comply with the claims resolution procedures under Louisiana worker's compensation law. Plaintiff appeals. We affirm the judgment of the trial court.
Plaintiff claims that he was injured on or about January 29, 1985 while performing services for his employer, J.T. White. He subsequently filed a claim with the Office of Worker's Compensation Administration (OWCA) on February 20, 1985. On March 15, 1985, the OWCA issued its recommendation that plaintiff was not entitled to compensation benefits. On June 3, 1985, the OWCA issued a certificate of acceptance because neither party rejected the recommendation within the 30-day period provided by statute.
On September 26, 1985, plaintiff filed a second claim with the OWCA. In his brief, plaintiff asserts that this second claim reflected a recurrence of back pain as a direct result of the January 1985 accident. He claims that this pain was more disabling in nature than that previously experienced.
In response to this second claim, the OWCA mailed a letter to plaintiff notifying him that its March 15, 1985 recommendation had been accepted by the parties and could not be "reconsidered". Plaintiff filed this suit shortly thereafter. Defendant, Pacific Marine Insurance Company, filed a timely dilatory exception of prematurity. The grounds of the exception were that plaintiff's petition did not set forth particular allegations, or have attached to the petition a copy of a rejection certificate, as required by LSA-R.S. 23:1311 and 23:1314. The trial court sustained the exception and dismissed the suit in accordance with LSA-R.S. 23:1314.
On appeal, plaintiff claims that he has been unconstitutionally denied access to the courts by the effect of the worker's compensation statutes in question. We disagree. Pursuant to the applicable statutes plaintiff may still have an opportunity to present his claim to a court of law.
LSA-R.S. 23:1310.1 details the procedure to be followed by the OWCA upon receipt of a claim for compensation benefits. It also sets the delay within which a party must reject a recommendation made by the OWCA.
LSA-R.S. 23:1310.1:

*510 "A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
B. As used in this Subpart, "parties" means the employee or his dependent and the employer or his insurer."[1]
Plaintiff does not dispute that he received a copy of the recommendation issued by the OWCA. In his brief on appeal, it is asserted that plaintiff "believes he filed a rejection of the recommendation." However, there is no record of any such notice of rejection being mailed by plaintiff and the OWCA never received a notice of rejection from plaintiff or either of the defendants. Accordingly, all parties were conclusively presumed to have accepted the recommendation.
LSA-R.S. 23:1311 sets forth the time period within which a claimant must file a petition in a court of law. The statute also specifies the content requirements of the petition.
LSA-R.S. 23:1311:
"A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
B. The verified petition shall set forth:
(1) The names and addresses of the parties.
(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.
C. The petition shall have attached to it a copy of the office's certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected."
Under LSA-R.S. 23:1311 A it appears that a claimant has recourse to a court of law only if a party has rejected the recommendation of the OWCA within the 30-day period specified by LSA-R.S. 23:1310.1. In addition, LSA-R.S. 23:1311 C specifically *511 requires that the plaintiff's petition have attached to it a copy of the rejection certificate referred to in LSA-R.S. 23:1310.1. Under the statute then, recourse to a court of law was unavailable to the plaintiff because no party had rejected the recommendation made by the OWCA. Moreover, plaintiff could not have attached a copy of the rejection certificate to the petition because one was never issued.
LSA-R.S. 23:1314 explicitly provides for dismissal of a petition for compensation benefits under certain circumstances.
LSA-R.S. 23:1314:
"A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.1.

C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim." (emphasis added)
The proper vehicle for dismissal on the grounds that the petition is not accompanied by a rejection certificate as required by LSA-R.S. 23:1310.1 is the filing of a dilatory exception of prematurity. Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3rd Cir.1986).
Construing plaintiff's petition as a whole, in a light most favorable to him, it arguably meets the requirements of LSA-R.S. 23:1314A. However, he did not attach a copy of the rejection certificate as required by LSA-R.S. 23:1310.1. Therefore, the trial court properly sustained the exception of prematurity filed by defendants. Rich, supra.
Pursuant to LSA-R.S. 23:1331 C plaintiff may still have his day in court.
LSA-R.S. 23:1331 C:
"C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1." (emphasis added)
Under LSA-R.S. 23:1310.1 the plaintiff, as well as the defendants, are conclusively presumed to have accepted the recommendation made by the OWCA in response to plaintiff's first claim. Therefore, under LSA-R.S. 23:1331 C either party may apply for a modification of that recommendation. The certificate evidencing that acceptance was issued by the OWCA on June 3, 1985. If this was the official date of acceptance then anytime after December 3, 1985 plaintiff could have applied for a modification. Plaintiff may still file such an application. Apparently, the accepted recommendation which a party may seek modification of includes a recommendation finding disability and in favor of compensation as well as one denying compensation. Rich, supra.
If plaintiff's second claim, filed on September 26, 1985, was intended as an application for modification of the initial recommendation, it was filed before the required six month waiting period had elapsed. The OWCA therefore, properly refused to "reconsider" its initial recommendation.
*512 Upon receipt of the application for modification pursuant to LSA-R.S. 23:1331 C, the OWCA is required to review it and issue a recommendation pursuant to LSA-R.S. 23:1310.1. It is evident that this application for modification is treated as if it were an initial claim. The parties will therefore have the delay set forth in LSA-R.S. 23:1310.1 within which to reject the recommendation on the application for modification. If either party notifies the OWCA that such recommendation is rejected, the office will issue the rejection certificate and the party may then file a claim in a court of law as provided by LSA-R.S. 23:1311. Although LSA-R.S. 23:1331 C does not so provide specifically, this new recommendation presumably is subject to the ordinary review process in the judicial system. See Rich, supra; Johnson, Bound in Shallows and Miseries: The 1983 Amendments to the Worker's Compensation Statute, 44 La.L.Rev. 669, 693 (1984).
Clearly, plaintiff has an adequate remedy by which he may seek compensation benefits for his claimed disability. First, through the OWCA and then, if necessary, in a court of law. Plaintiff is not being unconstitutionally denied access to the courts and we find no merit in his assertion to the contrary.
Although defendant-appellee, Pacific Marine Insurance Company, did not take an appeal from the judgment nor file an answer to plaintiff's appeal, it asks this court to notice on its own motion an exception of no cause of action and dismiss plaintiff's suit with prejudice. Since we may notice an exception of no cause of action on our own motion under LSA-C.C.P. art. 927, we will address this issue.
Defendant contends that when a plaintiff fails to reject a recommendation made by the OWCA within the 30-day period provided by LSA-R.S. 23:1310.1, his cause of action is perempted. The case of Henry v. Simmons Family Investments, Inc., 486 So.2d 319 (La.App. 3rd Cir.1986) is cited as support for defendants' assertion. We disagree with Henry insofar as it stands for such a proposition.
We believe that LSA-R.S. 23:1310.1 establishes a peremptive period within which a party may reject a recommendation made by the OWCA. After the expiration of that 30-day period, the right to reject ceases to exist. Rich, supra; Schulin v. Service Painting Company of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ denied 481 So.2d 634 (La.1986). However, a plaintiff does not at the same time lose his cause of action. Rich, supra. Such a finding directly conflicts with our holding in this case that plaintiff may still pursue his claim for benefits under LSA-R.S. 23:1331 C.
For the reasons assigned, we affirm the judgment of the trial court sustaining defendants' exception of prematurity and dismissing plaintiff's suit. Costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
KNOLL, J., concurs and assigns reasons.
KNOLL, Judge, concurring
I concur to address the question of peremption raised by Pacific Marine Insurance Company, and specifically its reliance on Henry v. Simmons Family Investments, Inc., 486 So.2d 319 (La.App. 3rd Cir.1986), a case I authored. Though the dismissal of Henry's claim was correct, I now find that for the reasons assigned in Arthur v. Union Underwear Co., Inc., 492 So.2d 873 (La.App. 3rd Cir.1986) (on rehearing) and Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3rd Cir.1986), the rationale utilized in Henry is incorrect. In the case sub judice it is clear that Bailey's noncompliance with LSA-R.S. 23:1310.1 merely prohibits a judicial review of OWCA's initial recommendation and does not perempt his cause of action.
NOTES
[1] Subpart A of this statute was amended in 1985, effective January 1, 1986. However, even if the amended statute was applicable to this case, it would not affect this court's disposition of the issues.