WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a suit instituted by Frank Jakob against Courtney Construction Company of Alexandria, Inc. to enforce a recommendation by the Office of Worker’s Compensation Administration. Plaintiff claimed worker’s compensation benefits, medical expenses, and partial disability payments. Defendant filed an exception of peremption to plaintiff’s claims. Plaintiff filed a motion for summary judgment. The trial court sustained defendant’s exception and denied plaintiff’s motion for summary judgment. Plaintiff appealed.
The principal issue presented is whether plaintiff is barred from maintaining this action by the prescription or peremption provided in LSA-R.S. 23:1209.
FACTS
On July 11,1983, Frank Jakob was working for Courtney Construction Company of Alexandria, Inc., when he allegedly injured his back while unloading pipe in the course of his employment. He contends that the injury has totally and permanently disabled him from performing work of a reasonable character since that time.
Worker’s compensation benefits were paid to plaintiff during his disability from July 17,1983 until August 6,1983. Shortly thereafter, plaintiff returned to work and continued in his usual duties until he was laid, off on October 17, 1983. No further worker’s compensation benefits were paid to plaintiff.
Plaintiff retained an attorney, Willard T. Armitage, Jr., to represent him in a worker’s compensation claim against defendant on or about October 26, 1983. On or about November 15, 1983, Mr. Armitage held a meeting with Keith Catha, the adjuster employed by defendant’s insurance carrier. An argument ensued regarding plaintiff’s eligibility for benefits, at which time Mr. Armitage stated, “You can be assured that I am going to file a claim with the Workmen s Compensation just as soon as possible, or tomorrow.” To this statement, Mr. Catha responded, “Don’t bother, because I’m going to file it.”
At the hearing on defendant’s peremptory exception and plaintiff’s motion for summary judgment, Mr. Armitage testified that he did not file a claim for worker’s compensation benefits on behalf of the plaintiff because he relied on Mr. Catha’s assurances that he was going to file a claim. However, Mr. Armitage also testified that his understanding of the conversation was that Mr. Catha was not filing a claim to ensure that plaintiff receive benefits, but instead was going to attempt to have the benefits denied.
Plaintiff discharged Mr. Armitage in February 1985 and retained another attorney. His present counsel filed a formal claim with the Office of Worker’s Compensation (OWCA) dated March 1, 1985 and received March 7, 1985. On March 28, 1985, OWCA issued a recommendation that plaintiff be paid temporary total benefits from July 11, 1983 through August 6, 1983 and from October 21, 1983 until he was physically able to return to gainful employment. In addition, the recommendation stated that defendant was to pay all related medical expenses. On May 15, 1985, OWCA issued a certificate verifying that no party had rejected the recommendation, which resulted in presumed acceptance by both parties as provided in La.R.S. 23:1310.1. This suit was instituted by plaintiff on May 21, 1985.
PRESCRIPTION
Almost two years elapsed between the time compensation payments were terminated on August 6, 1983, and the time this suit was filed. LSA-R.S. 23:1209 establishes the prescriptive period for instituting worker’s compensation claims. At the time of suit, this statute provided:
“In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless *274 within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
Defendant contends that plaintiff is barred from maintaining this action by the provisions of LSA-R.S. 23:1209, because more than one year elapsed from the time defendant made the last compensation payment until proceedings were instituted by the plaintiff. Plaintiff asserts that defendant was conclusively presumed to have accepted OWGA’s recommendation, and therefore was barred from pleading prescription.
In Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981), the Supreme Court established that LSA-R.S. 23:1209 is a prescriptive statute, not one of peremption. We followed this interpretation in Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3 Cir.1986).
Prescription must be specifically pleaded and cannot be supplied by the court. LSA-C.C. art. 3452. When plaintiff filed his claim with OWCA, his cause of action was still viable. Defendant was obliged to urge prescription before OWCA, but did not. Therefore, it waived its opportunity to raise the exception in this case.
At the time of trial, LSA-R.S. 23:1310.1 provided in pertinent part:
“Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office.
* * * # * *
Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office.”
When neither party rejected the OWCA recommendation, it was conclusively presumed accepted. Once the recommendation is accepted by the parties, it has the same effect as a judgment, or a transaction or compromise. Both parties are entitled to a review for a modification by OWCA’s director six months from the date of acceptance. LSA-R.S. 23:1331. Since neither party has made such an application, the recommendation is now final. Defendant is therefore barred from raising the exception of prescription at this time.
In view of our holding, we do not find it necessary to consider the other issues raised by plaintiff on appeal.
For the foregoing reasons, we reverse the judgment of the trial court. Furthermore, we order that defendant comply with the recommendation issued by OWCA on March 28, 1985. All costs of this appeal are to be paid by defendant-appellee.
REVERSED AND RENDERED.