LABORDE, Judge.
Plaintiff-appellant, Patrick Goudeau, brought suit against his employer, Boh Brothers Construction Company (Boh), and Gray and Company, Inc. (Gray), for benefits and medical expenses under the Louisiana Worker’s Compensation Act. The petition states that the incident occurred on April 2, 1984, when a cherry picker struck plaintiff. Suit was filed April 1,1986. Boh filed exceptions of no right of action and peremption. Gray filed an exception of no right of action. The trial court sustained Boh’s exceptions, without written reasons, as to plaintiffs claim for weekly compensation benefits, but reserved all claims by plaintiff to seek the recovery of medical expenses. There is no ruling on Gray’s exception of no right of action. Plaintiff appeals the judgment only as to Boh. We reverse.
FACTS
While working for Boh, on April 2, 1984, plaintiff fractured four (4) ribs. Plaintiff alleges that the accident caused plaintiff pain in the chest and back. Worker’s compensation benefits were paid from April 2, 1984 until May 21,1984, at the weekly rate of $227.83. After termination of the benefits, plaintiff filed a grievance with the Office of Worker’s Compensation Administration (Office). On September 24, 1984, the Office issued a certificate setting forth that the Office’s July 30, 1984, recommendation that temporary total disability benefits be paid to plaintiff from April 2, 1984, through May 21, 1984, had not been rejected; therefore, that the parties are conclusively presumed to have accepted the recommendation.
Plaintiff filed another claim with the Office on February 27, 1985, asserting that further complications as a result of the April 2, 1984, accident had become manifest. On March 22, 1985, the Office issued its recommendation. Plaintiff rejected the latter recommendation. On April 1, 1985, the Office issued a certificate documenting that one of the parties rejected its recommendation. On April 1,1986, plaintiff filed this suit for benefits and medical expenses with the district court. The April 1, 1985, certificate was attached to the petition.
At the outset, we emphasize that defendant excepted to plaintiff’s suit on the grounds of no right of action and peremption. The exception of prescription was not raised by defendant, and under La.C.C.P. art. 927, the courts cannot supply the objection of prescription. Therefore, we limit our discussion to the exceptions before us.
ON THE MERITS
The gist of defendant’s exception is that since plaintiff did not timely exercise his right to reject the July 30, 1984, recommendation, under LSA-R.S. 23:1310.1[1] plaintiff is barred or perempted from recovery for worker’s compensation benefits. Defendant cites as authority Henry v. Simmons Family Investments, Inc., 486 So.2d 319, 324 (La.App.3d Cir.1986); see also Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986). This interpretation of R.S. 23:1310.1 has been restricted, if not repudiated, in several *57 cases which hold that under R.S. 23:1331(C)[2] either party may apply for a modification of the Office’s recommendation “at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1.... ” LSA-R.S. 23:1331(C). Therefore, a claimant’s right to worker’s compensation benefits is not preempted under R.S. 23:1310.1. For a thorough analysis of the interplay of the pertinent statutes, we direct attention to Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App.3d Cir.1986). See also Bailey v. Pacific Marine, Insurance Company, 509 So.2d 508 (La.App.3d Cir.), writ denied, 510 So.2d 377 (La.1987); Moody v. K & B Equipment Company, 508 So.2d 927 (La.App. 4th Cir.1987); Jakob v. Courtney Construction Company of Alexandria, Inc., 507 So.2d 272 (La.App.3d Cir.1987); Watson v. Amite Milling Company, Inc., 504 So.2d 1149 (La.App. 5th Cir.1987); Brignac v. Liberty Mutual Insurance Company, 496 So.2d 1306 (La.App.3d Cir.1986); and Arthur v. Union Underwear Company, Inc., 492 So.2d 873 (La.App.3d Cir.1986) (on rehearing).
To recapitulate, we have held and so hold today that LSA-R.S. 23:1310.1 establishes a peremptive period within which a party may reject a recommendation made by the Office. After the expiration of the thirty (30) day period, the right to reject that recommendation ceases to exist. However, a plaintiff does not concurrently lose his cause of action for worker’s compensation benefits. A plaintiff, as plaintiff in the case sub judice has done, may still pursue his claim for benefits under LSA-R.S. 23:1331(C). Our position has recently been adopted by the Louisiana Supreme Court in Brock v. Schwegmann Giant Supermarkets, Inc., 520 So.2d 711 (La.1988), which affirmed the trial court’s overruling of defendant’s exception of res judicata.
As noted above, the scope of the peremptive nature of LSA-R.S. 23:1310.1 was nebulous at the time defendant filed its exceptions. For this reason, we choose not to grant plaintiff an award for attorney’s fees in defending the exceptions; however, all court costs, at trial and on appeal, are taxed to defendant, Boh Brothers Construction Company, Inc.
For the foregoing reasons, the judgment sustaining defendant’s exceptions is reversed. This case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.

. LSA-R.S. 23:1310.1 provides:
"A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
B. As used in this Subpart, ‘parties' means the employee or his dependent and the employer or his insurer."

. LSA-R.S. 23:1331 provides:
"A. Judgment of compensation rendered by the district court may be modified by subsequent agreement of all parties with the approval of the director or, in the event the director refuses to so approve, by a judge of the district court which rendered the same, and in either case, subject to the provisions of R.S. 23:1271 through 1274.
B.If approved by the director, a subsequent agreement of all parties modifying a judgment of the district court shall be immediately forwarded by the office to the clerk of court for the parish in which the judgment was originally rendered for filing in the record and, upon such filing, shall become the judgment of the district court.
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
D. This Subpart shall not apply to the calculation of the monthly benefit amount pursuant to R.S. 23:1221(3).”