490 So.2d 1165 (1986)
Carlton E. RICH, Plaintiff-Appellant,
v.
GEOSOURCE WIRELINE SERVICES, INC., Defendant-Appellee.
No. 85-718.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Rehearing Denied July 24, 1986.
*1166 Beard and Artigue, Jed G. Gremillion, Lafayette, for plaintiff-appellant.
Jeansonne, Briney, Patrick J. Briney and Katherine M. Loos, Lafayette, for defendant-appellee.
Before STOKER and YELVERTON, JJ., and BERTRAND, J. Pro Tem.[*]
YELVERTON, JUDGE.
This worker's compensation suit brought by Carlton Rich against his employer, Geosource Wireline Services, Inc., was dismissed without prejudice on an exception of prematurity, because of the failure of the plaintiff to comply with the claims resolution procedures of the 1983 Workers' Compensation Act. The plaintiff appeals. We affirm the result.
On November 29, 1984, plaintiff filed this suit alleging that he had been injured on October 9, 1984, in the course and scope of his employment, and that he had been denied benefits. The petition further alleged that attempts to informally resolve the claim before the Office of Worker's Compensation Administration (OWCA) had failed. The petition stated that "[a]ttached hereto is a certificate of the office of worker's compensation stating that the claim has not been resolved." But, no certificate was attached to the petition. On December 29, 1984, the defendant filed an exception of prematurity alleging that plaintiff's petition did not meet the requirements of R.S. 23:1314 and that it should be dismissed. The exception was heard on March 23, 1985, and the trial court rendered judgment in favor of the defendant dismissing plaintiff's petition without prejudice. At this hearing it came to light that plaintiff received OWCA's recommendation on October 30, 1984, and never did notify the office of his rejection.
The precise issue argued on appeal is whether the trial court erred in sustaining the defendant's exception of prematurity. We are affirming the trial court for reasons we will give in this opinion. We begin these reasons by first addressing the issue of whether plaintiff's cause of action has been perempted for failure to timely reject the recommendations of OWCA. We have to discuss this issue because a recent decision of this circuit, Henry v. Simmons Family Investments, Inc., 486 So.2d 319 (La.App. 3rd Cir.1986), so held. If we were to find plaintiff's cause of action had ceased to exist because of peremption, as found on identical facts in the Henry case, we would still affirm the judgment, but we would amend the dismissal to be with prejudice and thereby terminate this litigation here and now. We do not agree with the Henry case.
Henry relied upon Schulin v. Service Painting Company of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986). There, Frank Schulin, a sandblaster/painter, died of heart failure secondary to a pulmonary disease, after the 1983 amendments to the Louisiana Worker's Compensation Law, La. R.S. 23:1021, et seq, went into effect. Hazel Schulin, his widow, notified the employer that she was claiming death benefits. Thereafter she submitted her claim to OWCA for resolution of the dispute in accordance with the administrative procedure of La.R.S. 23:1310, et seq. OWCA recommended that death benefits be paid to plaintiff and sent the recommendation to the employer. Under R.S. 23:1310.1, a party dissatisfied with OWCA's recommendation who fails to properly notify OWCA of its rejection of the recommendation, is conclusively presumed to have accepted it. The employer did not timely notify OWCA of its rejection of the recommendation as provided in that statute. The employer also did not pay the plaintiff any benefits in accordance with the recommendation. The plaintiff filed suit to enforce the recommendation. Plaintiff thereafter filed a motion for summary judgment. It was granted and the employer appealed.
*1167 Affirming the summary judgment, the Shulin court stated as follows:
"We hold that La.R.S. 23:1310.1 establishes a peremptive period. Thus, an interested party to a bona fide dispute involving a worker or a former worker's statutory dependent, be it the claimant, insurer, or employer, must reject the recommendation for resolution and communicate that rejection to OWCA "within thirty days of receipt of the recommendation" or else the opportunity to reject ceases to exist. Simply mailing the rejection within 30 days will not suffice. The purported rejection by St. Paul came after the peremptive period expired and its attempted rejection was without legal effect, the privilege to reject having been forfeited."
Since the employer failed to timely reject the recommendation of OWCA and his privilege to reject that recommendation had been perempted, summary judgment was granted plaintiff enforcing the recommendation of OWCA.
La.C.C. article 3458 states:
"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."
We agree with the First Circuit in Schulin that La.R.S. 23:1310.1 establishes a peremptive period and that the opportunity to reject the recommendation by OWCA ceases to exist after the 30-day period. In the present case the plaintiff failed to timely reject the recommendation and therefore his privilege to reject that recommendation had ceased. The loss of his right to reject that recommendation, however, did not cause a concomitant loss of his claim for benefits.
The procedural facts of Henry were substantially the same as ours. In that case the injury occurred on August 13, 1983. After a claim for benefits was filed OWCA's recommendation was received on October 28, 1983. Plaintiff did not reject the application within 30 days. Instead, plaintiff filed suit on June 18, 1984. Defendant filed an answer. Later, defendant filed exceptions of prematurity, prescription, and no cause or right of action. The Henry panel affirmed a dismissal of the suit. It held that by not timely filing its dilatory exception of prematurity, defendant had waived that exception. However, the exception of no cause of action was good, according to the court. Citing Shulin, the court said that Henry's cause of action was perempted, gone, for failure to reject the recommendation within 30 days of its receipt, and that therefore the claim asserted in the June 18, 1984, suit failed to state a cause of action. The court apparently thought that since the claimant's right to reject the recommendation ceased, the underlying cause of action for benefits also terminated.
What Henry held in effect was that Henry lost his cause of action on November 28, 1983, three and a half months after his accident, because that date marked the expiration of the 30 days given to reject, and he had not rejected the recommendation. (By this reasoning our present plaintiff's cause of action would have expired seven weeks and two days after his accident.) We cannot agree that the underlying cause of action ceases to exist simply because there has been a failure to reject the recommendation within 30 days. If we followed the reasoning of Henry, it would be a waste of judicial time for us to simply affirm the exception of prematurity in our present case, and thereby affirm the dismissal without prejudice; we would dismiss with prejudice and terminate the case entirely, as we could do under either our authority on our own motion to recognize the failure to state a cause of action, or our authority under La.C.C. art. 3460 to recognize the claim as having been perempted.
We will explain further, in the context of our present case, why it is we cannot agree with Henry.
R.S. 23:1310.1(A) provides:
"§ 1310.1. Processing of claims by office

*1168 "A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties." (Emphasis supplied.)
(As just quoted, this statute incorporates certain changes made by 1985 legislation. The accident in this case happened in 1984. The 1985 changes did not affect the provisions applicable to this case.)
R.S. 23:1311 reads:
"A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
"B. The verified petition shall set forth:
(1) The names and addresses of the parties.
(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.
"C. The petition shall have attached to it a copy of the office's certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected."
R.S. 23:1314 says:
"§ 1314. Necessary allegations; dismissal of premature petition
"A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter.

*1169 "B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.1.
"C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim."
R.S. 23:1331(C) declares:
"C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1."
R.S. 23:1209 establishes the prescription of workers' compensation claims. It provides:
"§ 1209. Prescription; timeliness of filing
"A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and1 in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
"B. Any claim may be filed with the director, office of worker's compensation, by delivery or by mail addressed to the office of worker's compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
"C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits."
(As just quoted, this statute also incorporates certain changes made by 1985 legislation, but the changes do not affect the issues that presently concern us.)
The court in Henry treated R.S. 23:1310.1 as a peremption statute superceding R.S. 23:1209, a prescription statute. The prescription provisions of R.S. 23:1209(A) require that a claim for compensation benefits must be filed with the director of OWCA within one year after the *1170 accident or one year from the time the injury develops, but in all such cases within two years from the date of the accident. (Schulin, supra, made the statement: "La. R.S. 23:1209 has been recognized by the jurisprudence as establishing a peremptive period." The jurisprudence it cited came before the decision of the Supreme Court in Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981), which found the statute to be prescriptive and subject to interruption. Referring to the earlier jurisprudence that termed the statute peremptive the court in Lester said at p. 676, note 2, that "this is an incorrect jurisprudential overlay on a statute with the title of `Prescription'." R.S. 23:1225 refers to the "prescriptive periods established by R.S. 23:1209", and provides that they are "suspended" by the filing of a claim or suit pursuant to any federally enacted worker's compensation plan. In our opinion, R.S. 23:1209 is a prescriptive statute, not one of peremption.) The claim resolution statutes provide one circumstance (R.S. 23:1311(A)) when a claimant is given additional time to sue beyond the prescription period established by R.S. 23:1209, but we have found no provision that reduces the time given by R.S. 23:1209, much less one that peremptively terminates his cause of action.
In the present case plaintiff timely filed his claim with OWCA pursuant to R.S. 23:1209. He received the recommendation of OWCA on October 30, 1984. At this point under the provisions of the Act, plaintiff had two choices: he could either reject the recommendation or accept it. The consequences of his election are spelled out in the statutes.
If a claimant decides to reject the recommendation he must notify the office within 30 days of receipt of the recommendation. R.S. 23:1210.1. A party failing to notify the office of his rejection within the 30 days shall be conclusively presumed to have accepted the recommendation. His opportunity to reject that recommendation ceases after the 30 days. Schulin, supra. Thereafter, the party failing to timely reject the recommendation is in the same claim resolution situation as if he had accepted the recommendation. The only way a party can be considered as having rejected the recommendation is if he timely files his rejection under R.S. 23:1310.1.
Once the claimant rejects the recommendation (or even if only the employer rejects it) the claimant shall file a petition in district court "within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last ..." R.S. 23:1311(A). Under this statute a timely suit in district court is required to interrupt the running of R.S. 23:1209 prescription, when either party timely rejects the recommendation of OWCA. If a claimant does not timely file suit pursuant to R.S. 23:1311, his claim will be subject to prescription.
If the claimant does timely file suit in district court pursuant to R.S. 23:1311 his petition "shall have attached to it a copy of the office's certificate ... that the office's recommendation was rejected." If the claimant fails to attach the necessary certificate the employer may file an exception of prematurity based on R.S. 23:1314(B). Even though the court dismisses the suit based on prematurity, the filing of this suit interrupts the running of prescription under R.S. 23:1209. La.C.C. art. 3463 and its official comments. The claimant can then file another suit with the attached certificate and have his claim judicially determined.
However, the right to file the exception of prematurity is waived if not pleaded prior to answer or granting of preliminary judgment, or if not filed at the same time as the answer, in a worker's compensation suit. C.C.P. arts. 926, 928; Kidder v. Power Rig Drilling Co., Inc., 460 So.2d 769 (La.App. 3rd Cir.1984). Therefore, a claimant who filed a timely suit and who timely rejects the recommendation but who inadvertently fails to attach the certificate of rejection, may proceed to trial on the merits if the employer waives his dilatory exception.
In the present case the trial court sustained the defendant's exception of prematurity *1171 because plaintiff failed to attach the certificate of rejection. That was the right decision but for the wrong reason. The evidence shows that neither plaintiff nor defendant timely notified OWCA of a rejection, therefore, under the provisions of R.S. 23:1310.1, both were conclusively presumed to have accepted the recommendation and fall into the category of parties who have accepted the recommendation. The necessity of attaching a certificate of rejection applies in a case only where one or both parties reject the recommendation. R.S. 23:1311. Plaintiff and defendant in the present case accepted it.
If both parties accept the recommendation then R.S. 23:1331(C) applies. That paragraph says that "at any time after six months from the date of acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1." This statute gives a right to either party to subsequently apply to the director for a review of the earlier recommendation in order to seek a modification. The right of review does not exist until six months after the date of the acceptance of the prior recommendation. Since the right of review of the prior recommendation is not limited to a recommendation finding disability and in favor of compensation, a recommendation denying compensation is likewise subject to review. This construction of the statute is bolstered by the fact that it provides a right of review only of a "judgment of compensation by the district court" but does not so distinguish the right of a party to review "the recommendation." It also gives both parties the right to have the recommendation reviewed, and surely a claimant who is denied compensation by the recommendation and who inadvertently fails to reject the recommendation timely should be permitted to exercise his right to review to seek a modification of the prior recommendation.
In his article, Bound in Shallows and Miseries: The 1983 Amendments to the Workers' Compensation Statute, 44 La.L. Rev. 669 (1984), at 693, Professor H. Alston Johnson discusses R.S. 23:1331 and says:
"Six months after rendition of judgment, or six months after the date the parties have accepted the director's recommendation, the director `shall review' the judgment or recommendation upon the application of either party. He may then issue a new recommendation under Louisiana Revised Statutes 23:1310.1. Though the amended provision does not so provide specifically, this new recommendation presumably is subject to the ordinary review process in the judicial system.

"The amendments delete from Louisiana Revised Statutes 23:1331 the requirement that a party seeking review allege that the `incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.' Presumably, this omission makes the precise reason for the modification request irrelevant." (Emphasis ours. Footnotes omitted.)
We agree with Professor Johnson's analysis that when the director issues a subsequent recommendation, that recommendation has the same effect as an initial recommendation under R.S. 23:1310.1. The parties have 30 days in which to reject that recommendation. If a party rejects the recommendation and notifies the office within 30 days, a certificate of rejection will be issued. If any party rejects the subsequent recommendation of this office, the claimant can "present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court ..." R.S. 23:1311.
In the present case plaintiff was conclusively presumed to have accepted the recommendation of OWCA. Instead of waiting six months and filing an application with OWCA for a review of this determination, the plaintiff filed suit in district court. *1172 This suit must be construed as a suit seeking a judicial review of the first recommendation.
However, at the time suit was filed plaintiff had no right to seek judicial review of the recommendation, since his right of review under R.S. 23:1331 had not yet come into existence. The plaintiff's suit was clearly subject to an exception of prematurity. But the necessary six months have now passed, and that issue is now moot.
Under R.S. 23:1331 it is required that the application for review must be made to the director. In our case the plaintiff filed suit in district court in an effort to bypass OWCA. His petition was, and still is, premature, because the application was not submitted to OWCA for informal resolution. He stands now in the same place as a claimant who attempts to file his initial claim in district court before submitting the claim to OWCA. The petition is subject to being dismissed as premature. R.S. 23:1314(A).
We affirm the defendant's exception of prematurity for this reason. Plaintiff must first apply to the office pursuant to R.S. 23:1331 to seek a review of the prior recommendation. "[T]he director shall review the same upon the application ... for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1." R.S. 23:1331. Upon receipt of this recommendation either party will then have 30 days to notify the office of his rejection. If either party rejects that recommendation, the claimant then has the right to timely file a petition in district court to have his claim judicially determined.
The Henry decision applied the peremption principle to the plaintiff's cause of action, rather than simply to his right to have the recommendation reviewed. By doing so, that court in effect announced that R.S. 23:1310.1 was a peremption statute affecting the cause of action, triggered by a plaintiff's inaction for 30 days. His inaction for 30 days caused plaintiff to lose his cause of action, and also to lose his right to review under R.S. 23:1331. The 1983 amendments did not intend such a harsh result.
For the reasons stated above the judgment of the district court is affirmed, plaintiff to pay costs of this appeal.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.