492 So.2d 873 (1986)
Annie Mae ARTHUR, Plaintiff,
v.
UNION UNDERWEAR COMPANY, INC., d/b/a Jeanerette Mills and CNA Insurance Company, Inc., Defendants.
No. 86-327.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1986.
On Rehearing August 18, 1986.
Voorhies & Labbe, John P. Wolff, III, Lafayette, for defendants.
Porter & Fuselier, Donald R. Fuselier, New Iberia, for plaintiff.
Before GUIDRY, LABORDE and KING, JJ.
PER CURIAM.
WRIT DENIED:
The plaintiff, Annie Mae Arthur (hereinafter referred to as plaintiff), was an employee of the defendant, Union Underwear Company, Inc., d/b/a Jeanerette Mills (hereinafter referred to as defendant), who was allegedly injured during the course of her employment on March 23, 1984. Plaintiff subsequently filed a claim for worker's compensation benefits with the Louisiana State Office of Worker's Compensation (hereinafter referred to as the Office) in accordance with LSA-R.S. 23:1310.1. The office reviewed the matter and issued a recommendation, for defendant to pay worker's compensation benefits to plaintiff, which was received by both parties on or about June 25, 1984. On August 15, 1984 the Office issued a certificate indicating that neither party had timely rejected the recommendation of the Office and were therefore conclusively presumed to have accepted the recommendation of the Office, as provided in LSA-R.S. 23:1310.1. Thereafter defendant and its worker's compensation insurer, CNA Insurance Company, Inc. *874 (hereinafter referred to as insurer), commenced paying worker's compensation benefits to plaintiff, in accordance with the recommendation of the Office. Subsequent thereto the defendant and its insurer ceased paying worker's compensation benefits to plaintiff. On March 25, 1985, the plaintiff filed suit against defendant and its insurer alleging that they had arbitrarily and capriciously stopped paying plaintiff's worker's compensation benefits. Plaintiff attached to her petition the original certificate from the Office indicating that neither party had rejected the Office's recommendation and were conclusively presumed to have accepted the recommendation.
Defendant and its insurer filed exceptions of prematurity, no right of action, no cause of action, and res judicata on the ground that plaintiff had failed to attach to her petition a certificate of rejection to the recommendation of the Office as required by LSA-R.S. 23:1311(C).
The trial court overruled all of the exceptions and defendant and its insurer have applied for a Writ of Certiorari from the denial of their exceptions.
The defendant and its insurer might have sought a modification of the recommendation of the Office by reapplying to the Office, under the provisions of LSA-R.S. 23:1331(C), before discontinuing payments to plaintiff but it chose not to do so. The defendant and its insurer cannot force the plaintiff to reapply to the Office for a determination of the issue of the right of the defendant and its insurer to cease payment of worker's compensation benefits to plaintiff nor can they attempt to defeat the plaintiff's legal action to enforce the benefits the Office had recommended, and they were conclusively presumed to have accepted, by claiming plaintiff had not first applied for and rejected a recommendation of the Office before filing suit. The defendant and its insurer may not unilaterally cease making payments of worker's compensation benefits, which under the administrative procedure of the Office they were obligated to pay, and then leave plaintiff without judicial recourse to seek enforcement of such payments. Irene Andrews v. Delta Downs, Inc., an unreported decision on application for supervisory writs bearing Number 85-842 on the Docket of this Court rendered on August 22, 1985.
For the reasons given above we find that the trial court was correct in overruling the exceptions of prematurity, no right of action, no cause of action, and res judicata filed by defendant and its insurer on the ground that plaintiff had failed to attach a certificate of rejection to her petition as required by LSA-R.S. 23:1311(C).

ON REHEARING
KING, Judge.
The issue presented by this supervisory writ is whether or not the trial court erred in not dismissing plaintiff's worker's compensation suit on the basis of the defendant's exception of prematurity.
Annie Mae Arthur (hereinafter referred to as plaintiff) was allegedly injured on March 23, 1984 during the course of her employment with Union Underwear Company, Inc., d/b/a Jeanerette Mills (hereinafter referred to as defendant). Plaintiff subsequently filed a claim for worker's compensation benefits with the Louisiana State Office of Worker's Compensation (hereinafter referred to as the Office) pursuant to LSA-R.S. 23:1310. The Office reviewed the claim and issued a recommendation. A Certificate, dated August 15, 1984, was subsequently issued by the Office indicating that neither party had timely rejected its recommendation and that both parties were therefore conclusively presumed to have accepted its recommendation in accordance with LSA-R.S. 23:1310.1(A).
On March 25, 1985, plaintiff filed suit against defendant and its worker's compensation insurer, Transportation Insurance Company, Inc. (hereinafter referred to as insurer),[1] alleging, in addition to the injury *875 she sustained on March 23, 1984, that defendant and its insurer arbitrarily, capriciously and without probable cause ceased paying her worker's compensation benefits. Plaintiff attached to her petition the Certificate issued by the Office which indicated that neither party had rejected its recommendation and that both parties were presumed to have accepted the recommendation. Defendant and its insurer filed exceptions of prematurity, no right of action, no cause of action, and res judicata on the ground that plaintiff had failed to attach to her petition, as required by LSA-R.S. 23:1311(C), a certificate issued by the Office indicating that the claim was submitted to the Office, that the parties attempted to informally resolve the claim, but that the Office's recommendation was rejected.
On September 19, 1985, a hearing was held on the exceptions filed by defendant and its insurer, after which the trial judge took the matter under advisement and ordered plaintiff to obtain within thirty days a copy of her rejection of the recommendation from the Office showing that she had originally rejected the Office's recommendation, or her suit would be dismissed. After plaintiff failed to comply with its order to obtain a copy of plaintiff's rejection, the trial court rendered judgment, which was signed on October 28, 1985, sustaining the exception of prematurity filed by defendant and its insurer, and dismissing plaintiff's suit.
Although not explained by the record, the trial court rendered a second written judgment, dated December 7, 1985, and contrary to the judgment rendered on October 28, 1985, overruling the exceptions of prematurity, no right of action, and no cause of action filed by defendant and its insurer, and ordering them to file an Answer within fifteen days of the signing of the judgment.
Recognizing that it had rendered two inconsistent judgments, the trial court on its own motion ordered the parties to show cause why the respective judgments in their favor should not be vacated and set aside. After a hearing on the rule to show cause, the trial court rendered and signed a third judgment, dated February 26, 1986, recalling, vacating and setting aside the judgment rendered on October 28, 1985, which sustained the exception of prematurity filed by defendant and its insurer, maintaining the judgment rendered on December 7, 1985, which overruled the exceptions of prematurity, no right of action and no cause of action, and again ordering defendant and its insurer to file appropriate responses to plaintiff's pleadings within the time allowed by law. We granted the supervisory writ sought by defendant and its insurer to review the correctness of this third judgment rendered by the trial court.[2]

PREMATURITY OF PLAINTIFF'S SUIT
LSA-R.S. 23:1310.1(A), which pertains to worker's compensation claims that must be filed with the Office, provides the following:
"Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation *876 of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties." (Emphasis added.)[3]
LSA-R.S. 23:1311(A) provides in relevant part:
"A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
* * * * * *
C. The petition shall have attached to it a copy of the office's certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected."
LSA-R.S. 23:1314 provides that any petition filed under Section 1311 shall be dismissed as premature unless a copy of the certificate issued by the Office indicating that a party has rejected the Office's recommendation accompanies the petition.
In the instant case, as previously mentioned, plaintiff did not notify the Office of her rejection of the Office's recommendation within thirty days of the receipt of the same, as required by LSA-R.S. 23:1310.1(A). Plaintiff is therefore presumed to have accepted the Office's recommendation. In Henry v. Simmons Family Investments, Inc., 486 So.2d 319 (La.App. 3rd Cir.1986), this Court followed Schulin v. Service Painting Co. of Louisiana, 479 So.2d 939 (La.App. 1st Cir.1985), writ den., 481 So.2d 634 (La.1986), which held that LSA-R.S. 23:1310.1 established a thirty day peremptive period within which a rejection of the Office's recommendation must be communicated to the Office or else the opportunity to reject the Office's recommendation is perempted and ceases to exist. This Court further held in Henry that since this time period is peremptive, the plaintiff's cause of action for worker's compensation benefits also ceases to exist if rejection of the Office's recommendation is not communicated to the Office within this thirty day period.[4]
This Court recently decided the case of Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3rd Cir.1986) rehearing denied, July 24, 1986, which involved the same issue as that presented in this case. In Rich, this Court rejected the Schulin and Henry notion that noncompliance with LSA-R.S. 23:1310.1 perempts a plaintiff's cause of action, and held that noncompliance with Section 1310.1 merely prohibits a judicial review of the Office's initial recommendation on petition of one of the parties. More specifically, this Court recognized in Rich that the peremptive period provided by Section 1310.1 does not supercede the prescription provisions of LSA-R.S. 23:1209 which require that a claim for compensation benefits must be filed with the Director of the Office within one year after the accident or one year *877 from the time the injury develops, but in all such cases within two years from the date of the accident.
As explained in Rich, the necessity of attaching a certificate of rejection to the plaintiff's judicial petition applies in a case only where one or both parties reject the Office's recommendation. See LSA-R.S. 23:1311. If both parties accept the Office's recommendation, then LSA-R.S. 23:1331(C) applies, which provides that:
"At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1."
This Court further explained the procedural posture of the plaintiff seeking judicial review of his claim in Rich, which we find to be applicable to the plaintiff in the instant case, as follows:
"In the present case plaintiff was conclusively presumed to have accepted the recommendation of OWCA [Office of Worker's Compensation Administration]. Instead of waiting six months and filing an application with OWCA for a review of this determination, the plaintiff filed suit in district court. This suit must be construed as a suit seeking a judicial review of the first recommendation.
However, at the time suit was filed plaintiff had no right to seek review of the recommendation, since his right of review under R.S. 23:1331 had not yet come into existence. The plaintiff's suit was clearly subject to an exception of prematurity. But the necessary six months have now passed, and that issue is now moot.
Under R.S. 23:1331 it is required that the application for review must be made to the director. In our case the plaintiff filed suit in district court in an effort to bypass OWCA. His petition was, and still is, premature, because the application was not submitted to OWCA for informal resolution. He stands now in the same place as a claimant who attempts to file his initial claim in district court before submitting the claim to OWCA. The petition is subject to being dismissed as premature. R.S. 23:1314(A).
We affirm the defendant's exception of prematurity for this reason. Plaintiff must first apply to the office pursuant to R.S. 23:1331 to seek a review of the prior recommendation. `[T]he director shall review the same upon the application ... for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.' R.S. 23:1331. Upon receipt of this recommendation either party will then have 30 days to notify the office of his rejection. If either party rejects that recommendation, the claimant then has the right to timely file a petition in district court to have his claim judicially determined." Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165, at 1171-72 (La.App. 3rd Cir.1986).
Accordingly, we conclude that the trial court erred in overruling the timely exception of prematurity filed by defendant and its insurer.
For the foregoing reasons, the judgment of the trial court is reversed and set aside and the exception of prematurity filed by defendant and its insurer is hereby sustained and plaintiff's suit is ordered dismissed, without prejudice, at her cost. All costs of this appeal are taxed to plaintiff-relator.
REVERSED AND RENDERED.
NOTES
[1] In her petition, plaintiff erroneously referred to defendant's worker's compensation insurer as CNA Insurance Company.
[2] This court originally denied the supervisory writ filed by defendant and its insurer. We granted a rehearing of our denial of the writ finding that the writ should be granted as the matter merited a full opinion.
[3] Although this statute was amended, effective January 1, 1986, the primary change, which relates to the admissibility into evidence in a subsequent legal proceeding of the recommendation issued by the Office, does not affect this suit.
[4] The author of this opinion participated in the Henry decision dismissing the plaintiff's claim in that case. However, as explained in the instant case, I find the rationale of Henry to be incorrect though the dismissal of plaintiff's claim was correct.