496 So.2d 1306 (1986)
Audrey J. BRIGNAC, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 86-8.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1986.
Alex D. Chapman, Ville Platte, for plaintiff-appellant.
H. Douglas Hunter, Guglielmo, Lopez, Opelousas, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
LABORDE, Judge.
This worker's compensation suit brought by Audrey J. Brignac against Liberty Mutual Insurance Co., the insurer of the employer, Guillory Wholesale Co., was dismissed with prejudice on a motion for summary judgment and an exception of prematurity for plaintiff's failure in complying with the claims resolution procedures of LSA-R.S. 23:1310.1(A)[1] and LSA-R.S. 23:1314(A) of the 1983 Worker's Compensation Act. We affirm.
On October 17, 1985, plaintiff filed suit alleging that he had been injured on October 18, 1984, in the course and scope of his *1307 employment. Initially, on March 6, 1985, the compensation claim was filed with the Office of Worker's Compensation (Office) by plaintiff's attorney pursuant to LSA-R.S. 23:1301-23:1361.
After consideration, the Office issued its recommendation on April 22, 1985 rejecting plaintiff's claims for temporary total benefits, but holding the defendant liable for all reasonable and necessary medical expenses arising out of the accident.
On April 22, 1985, the Office issued its recommendation regarding Brignac's October 18, 1984 injury. Brignac was notified by mail that he had thirty days to accept or reject the recommendation, and further, that any party failing to notify the Office shall be conclusively presumed to have accepted its recommendation. The record reflects that this recommendation was sent to the plaintiff and his attorney, Alex D. Chapman, Jr. Thereafter, on July 9, 1985, the Office issued a certificate which showed that the plaintiff and his attorney had received notice of the recommendation on April 25, 1985. This document further certified that at no time did Audrey J. Brignac, either personally or through his attorney of record, formally reject the recommendation of the office within the 30 day time period allowed by LSA-R.S. 23:1310.1(A).
Brignac's original petition was served upon defendant on October 21, 1985. The defendant answered in the form of a general denial with an exception of prematurity based on the fact that the petition failed to mention that this claim had been submitted to the Office for informal resolution as required by LSA-R.S. 23:1314(A). Subsequently, a motion for summary judgment was filed based on the exception of prematurity and that plaintiff was conclusively presumed to have accepted the Office's recommendation by his failure to reject same within the delays allowed by LSA-R.S. 23:1310.1(A). The exception of prematurity and motion for summary judgment were heard together and were granted on December 6, 1985, dismissing plaintiff's suit with prejudice.
On appeal, plaintiff claims that the failure to timely reject the recommendation of the Office within the 30 day time limit of LSA-R.S. 23:1310.1(A) does not forever ban the filing of a worker's compensation suit in district court. Furthermore, plaintiff claims that a certificate of rejection by the Office is not required to file a worker's compensation suit in district court.
The record contains a certificate by the Office of Worker's Compensation dated July 9, 1985, reflecting that its recommendation was received by plaintiff and his attorney on April 25, 1985. Plaintiff did not reject the recommendation, and therefore, is conclusively presumed to have accepted it as provided in LSA-R.S. 23:1310.1(A).
This identical issue has been before us in Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3rd Cir.1986). In Rich, both plaintiff and defendant were presumed to have accepted the recommendation of the office by not rejecting it within the 30 days allowed by LSA-R.S. 23:1310.1(A). Rich further explained that noncompliance with LSA-R.S. 23:1310.1(A) merely prohibits a judicial review of the Office's initial recommendation on petition of one of the parties.
Rich further maintained that the necessity of attaching a certificate of rejection to the plaintiff's judicial petition only applies in a case where one or both parties reject the Office's recommendation. See LSA-R.S. 23:1311. If both parties accept the Office's recommendation, then LSA-R.S. 23:1331(C) applies, which provides:
"At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1"
In the instant case, we find the following paragraphs in Rich to be applicable to the plaintiff seeking judicial review of his claim.

*1308 "In the present case plaintiff was conclusively presumed to have accepted the recommendation of OWCA [Office of Worker's Compensation Administration]. Instead of waiting six months and filing an application with OWCA for a review of this determination, the plaintiff filed suit in district court. This suit must be construed as a suit seeking a judicial review of the first recommendation. However, at the time suit was filed plaintiff had no right to seek review of the recommendation, since his right of review under R.S. 23:1331 had not yet come into existence. The plaintiff's suit was clearly subject to an exception of prematurity. But the necessary six months have now passed, and that issue is now moot.
Under R.S. 23:1331 it is required that the application for review must be made to the director. In our case the plaintiff filed suit in district court in an effort to bypass OWCA. His petition was, and still is, premature, because the application was not submitted to OWCA for informal resolution. He stands now in the same place as a claimant who attempts to file his initial claim in district court before submitting the claim to OWCA. The petition is subject to being dismissed as premature. R.S. 23:1314(A).
We affirm the defendant's exception of prematurity for this reason. Plaintiff must first apply to the office pursuant to R.S. 23:1331 to seek a review of the prior recommendation. `[T]he director shall review the same upon the application ... for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.' R.S. 23:1331. Upon receipt of this recommendation either party will then have 30 days to notify the office of his rejection. If either party rejects that recommendation, the claimant then has the right to timely file a petition in district court to have his claim judicially determined."
Rich, 490 So.2d at 1171.
Accordingly, we conclude that the trial court was correct in granting the exception of prematurity and motion for summary judgment. However, as noted in Rich, the exception of prematurity is not granted because of the failure to attach a certificate of rejection required under LSA-R.S. 23:1311. This requirement would only apply in a case where one or both parties reject the recommendation. In the present case, plaintiff and defendant accepted the recommendation and, therefore, are left to follow the procedural requirements of LSA-R.S. 23:1331(C).
For the above and foregoing reasons, we affirm the judgment of the trial court which granted the defendant's exception of prematurity and motion for summary judgment. All costs of this appeal are assessed to appellant, Audrey J. Brignac.
AFFIRMED.
FORET, J., concurs with written reason.
FORET, Judge, concurring.
Though I concur in the result reached by the author, I file this concurring opinion to express my own views on the hiatus which I find exists in the statutory law involved.
In Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3 Cir.1986), and in the case sub judice, we have held that a party seeking modification of a recommendation of the Office of Worker's Compensation Administration must follow the procedure of LSA-R.S. 23:1331 which requires the plaintiff to wait six months following the acceptance of the recommendation and then apply for a modification with the Office. This situation, however, is distinguishable from the one with which we were faced in Weatherall v. Duhon's Electrical Service & State Farm Fire & Casualty Co., 490 So.2d 756 (La.App. 3 Cir. 1986). In Weatherall, the employee did not come into court seeking a modification of the Office's recommendation. Rather, the employee's contention was that his employer had failed to abide by the Officer's recommendation (which was that the employer pay total and permanent disability benefits to plaintiff from September 13, *1309 1983, through the duration of such disability), which both parties had presumptively accepted. In essence, the employee sought an enforceable court decree to replace the merely advisory recommendation which his employer had accepted but allegedly failed to follow.
Because the recommendation is advisory, there is no procedure to enforce it. Even though an employer has presumptively accepted a recommendation, he may, if he so chooses, simply ignore the recommendation. Is the employee's only option then to wait six months and reapply for a modification of the recommendationeven though he is satisfied with the recommendation and does not want it modified? And if the Office once again makes a recommendation and the employer chooses to ignore it, what is the employee's recourse? Must he, as a precautionary measure, reject the Office's recommendation, even though he wishes to accept it, in order to insure that he will have a right to seek an enforceable judicial decree?
Our answer in Weatherall was that when an employer fails to abide by a recommendation which both the employer and employee have presumptively accepted, the employee has a right to file suit to seek an enforceable judicial decree. Such a conclusion does not conflict with LSA-R.S. 23:1331, which, by its own terms, is only applicable when a party seeks a modification of a recommendation.
NOTES
[1] LSA-R.S. 23:1310.1, at the time of the October 18, 1984 injury provided in pertinent part:

"A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties."