508 So.2d 927 (1987)
Willie D. MOODY
v.
K & B EQUIPMENT COMPANY, et al.
No. CA-6941.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1987.
Bendana & Carlton, Wayne H. Carlton, Jr., Orlando G. Bendana, New Orleans, for appellant.
Sutherland & Judge, George W. Byrne, Jr., New Orleans, for appellees.
Before BYRNES and ARMSTRONG, JJ., and PRESTON H. HUFFT, J. Pro Tem.
BYRNES, Judge.
This is a worker's compensation suit brought by appellant, Willie D. Moody, against appellee, K & B Equipment Company, and its insurer, Great Atlantic Insurance Company. The suit arose out of an accident Mr. Moody suffered in the course and scope of his employment with K & B Equipment. Pursuant to the provisions of La.R.S. 23:1310, appellant submitted his claim for compensation to the Office of Worker's Compensation Administration (OWCA). The OWCA issued a recommendation, which was not rejected by either party, providing appellant with temporary total disability payments to run from December 8, 1983, to June 20, 1984, and from July 25, 1984, to October 10, 1984. K & B paid benefits for these two periods, then discontinued payments. Appellant then filed suit in the District Court seeking worker's compensation benefits for permanent total disability.
Appellee filed a motion for summary judgment on the grounds that the employee did not follow the procedures established by La.R.S. 23:1331(C) for the modification of a OWCA recommendation, but was prematurely seeking a judicial determination that he was totally and permanently disabled. The trial court agreed and granted the summary judgment, finding that appellant could not seek benefits for a total and permanent disability until an application for review had been made pursuant to La.R.S. 23:1331.
Appellant alleges only one error, namely that the trial court was incorrect in granting the summary judgment on the basis that his petition was premature insofar as it sought benefits for a total and permanent disability. After a review of the record and the law, we affirm the summary judgment.
Appellant followed the correct procedure for his initial claim for benefits. He submitted his claim to the OWCA for a recommendation, and the OWCA found that he was entitled to temporary and total disability payments until October 9, 1984. At the end of this period appellant filed a suit in the district court seeking to have his classification as temporarily and totally disabled changed to permanently and totally disabled. District Court is not the proper forum for this modification.
*928 Under La.R.S. 23:1313, the courts can be resorted to only when either or both parties reject the recommendation of the OWCA. La.R.S. 23:1310.1(A) provides in part that:
[W]ithin thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office.
In this case, both parties accepted the recommendation of the OWCA by not rejecting it. When both parties have accepted the recommendation of the OWCA, the proper procedure for the modification of a recommendation is through review by the director pursuant to La.R.S. 23:1331(C), which provides that:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
In the present case, the appellant sought a judicial modification of his recommendation prior to applying to the director of OWCA for the modification as required under the Worker's Compensation Act.
This course of action has been rejected by appellate courts as improper and premature. See Brignac v. Liberty Mutual Insurance Co., 496 So.2d 1306 (La.App. 3rd.Cir.1986); Arthur v. Union Underwear Co., Inc., 492 So.2d 873 (La.App. 3rd Cir.1986); Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App.3rd Cir. 1986).
The current case is analogous to Rich, supra, where the court held that:
Under R.S. 23:1331 it is required that the application for review must be made to the director. In our case the plaintiff filed suit in district court in an effort to by pass OWCA. His petition was, and still is, premature, because the application was not submitted to OWCA for informal resolution. He stands now in the same place as a claimant who attempted to file his initial claim in district court before submitting the claim to OWCA. The petition is subject to being dismissed as premature. R.S. 23:1314(A). Rich, supra at 1172.
For the forgoing reasons, we find that the appellant's suit in the district court was premature. Modification of an accepted OWCA recommendation must first be sought through the procedure set out in La.R.S. 23:1331(C). Appellant has failed to do so and the granting of summary judgment dismissing his suit as premature is therefore affirmed.
AFFIRMED.