HALL, Chief Judge.
The question presented is whether a worker’s acceptance of a recommendation by the Office of Worker’s Compensation Administration denying him compensation benefits prevents him from later seeking a modification of that recommendation under LSA-R.S. 23:1331(C).
FACTS
On December 27, 1984 plaintiff, Roily Suttle, Jr., was allegedly injured while working for Roadway Express, Inc. A claim for worker’s compensation benefits was submitted to the Office of Worker’s Compensation Administration (OWCA). The office reviewed the matter and on July 9, 1985 issued a recommendation that compensation benefits be denied because plaintiff’s injury was not work related. A certificate was issued by OWCA on August 20, 1985 indicating that neither party had timely rejected the recommendation; therefore, both were conclusively presumed to have accepted the recommendation under Section 1310.1.
On January 30, 1986 plaintiff refiled his claim with OWCA, apparently seeking a modification of the earlier recommendation. Another recommendation was issued on March 3, 1986, in which OWCA declined to reconsider its previous findings and disposed of new issues raised by concluding that plaintiff's claim was not work related and that he was not entitled to worker’s compensation benefits. A certificate issued on April 2, 1986 indicated that one of the parties had timely rejected the subsequent recommendation pursuant to Section 1310.1.[1]
*1263 In accordance with Section 1311 plaintiff commenced this action on April 16, 1986. His suit was met with a peremptory exception of no cause of action, res judicata, and peremption. The employer argued that the plaintiffs failure to timely reject OWCA’s initial recommendation acted to perempt, or destroy, his cause of action for worker’s compensation benefits. The district court, relying on Schulin v. Service Painting Co, of La., 479 So.2d 939 (La.App. 1st Cir.1985), writ denied, 481 So.2d 634 (La.1986) and Henry v. Simmons Family Investments, Inc., 486 So.2d 319 (La.App. 3d Cir.1986), sustained the exception and dismissed plaintiff’s suit. From this judgment, plaintiff appealed.
APPLICABLE STATUTES
LSA-R.S. 23:1310.1(A) reads:
A.Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties. (Emphasis added.)
LSA-R.S. 23:1311 provides:
A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
B. The verified petition shall set forth:
(1) The names and addresses of the parties.
(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.
C. The petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.
LSA-R.S. 23:1314 declares:
A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal reso *1264 lution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.-1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.
LSA-R.S. 23:1331(0 states:
C. At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.-1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1. (Emphasis added).
LSA-R.S. 23:1209 establishes the prescription of a worker’s compensation claim. It provides:
A.In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
B. Any claim may be filed with the director, office of worker’s compensation, by delivery or by mail addressed to the office of worker’s compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
*1265 ANALYSIS
In Schulin v. Service Painting Company of Louisiana, supra, a widow submitted a claim to OWCA for compensation benefits after her husband died as a result of a work related accident. OWCA recommended that death benefits should be paid to the plaintiff and sent the recommendation to the employer. The employer did not timely notify OWCA of its rejection of the recommendation as provided under Section 1310.1. Neither did the employer pay plaintiff any benefits in accordance with the recommendation.
The plaintiff filed suit to enforce the recommendation. She later filed a motion for summary judgment arguing that the employer had accepted OWCA’s recommendation since it failed to timely reject the recommendation. The motion was granted and the employer appealed.
The First Circuit held that Section 1310.1 established a peremptive period. Since the employer failed to timely reject the recommendation of OWCA within thirty days, its privilege to reject that recommendation had been perempted. The judgment granting summary judgment was affirmed.
In Henry v. Simmons Family Investments, Inc., supra, a worker submitted a claim for benefits after he was injured on the job. OWCA reviewed the matter and issued a recommendation. The worker did not reject the application within thirty days. Instead, he filed suit. The employer’s exceptions of prematurity, prescription and no cause or right of action were sustained by the district court.
The Third Circuit held the worker’s cause of action was perempted, gone, for failure to reject the recommendation within thirty days of its receipt. The court was of the opinion that since the worker’s right to reject the recommendation ceased, the underlying cause of action for benefits also terminated.
The import of Henry was that the worker lost his cause of action in November, 1983, three and a half months after his accident, because that date marked the expiration of the thirty days given to reject the recommendation. Neither the Schulin nor Henry decision addressed the issue of whether the worker had a right to seek a modification of OWCA’s recommendation under Section 1331(C).
The Third Circuit soon rejected the approach it had taken in Henry in the case of Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3d Cir.1986). In Rich, a worker neglected to timely reject OWCA’s recommendation regarding his claim for compensation benefits. Thus he was conclusively presumed to have accepted the recommendation. The worker later filed suit alleging that he had been injured in a work related accident, and that he had been denied benefits. The district court sustained the employer’s exception of prematurity because the worker had failed to attach a certificate of rejection with his petition as required by Section 1311(C).
The Third Circuit first addressed the issue of whether the worker’s cause of action had been perempted for failure to timely reject the recommendation of OWCA. The court renounced the Schulin and Henry notion that noncompliance with Section 1310.1 perempts a worker’s cause of action, and held that noncompliance with Section 1310.1 merely prohibits a judicial review of OWCA’s initial recommendation on petition of one of the parties. More specifically, the court recognized that the peremptive period provided by Section 1310.1 does not supercede the prescription provisions of Section 1209 which require that a claim for compensation benefits must be filed with OWCA within one year after the accident or one year from the time the injury develops, but in all cases within two years from the date of the accident.
Next, the court responded to the question of whether the worker’s suit was premature for failure to attach a certificate of rejection with his petition. The necessity for including a certificate, the court reasoned, applied only where one or both parties rejected OWCA’s recommendation. If both parties accepted the recommendation then Section 1331(C) applies. That paragraph provides “at any time after six months from the date of acceptance by the parties of the recommendation of the di *1266 rector under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.”
In analyzing Section 1331(C) the court explained:
.... This statute gives either party the right to subsequently apply to the director for a review of the earlier recommendation in order to seek a modification. The right of review does not exist until six months after the date of the acceptance of the prior recommendation. Since the right of review of the prior recommendation is not limited to a recommendation finding disability and in favor of compensation, a recommendation denying compensation is likewise subject to review. This construction of the statute is bolstered by the fact that it provides a right of review only of a “judgment of compensation by the district court” but does not so distinguish the right of a party to review “the recommendation.” It also gives both parties the right to have the recommendation reviewed, and surely a claimant who is denied compensation by the recommendation and who inadvertently fails to reject the recommendation timely should be permitted to exercise his right to review to seek a modification of the prior recommendation.
Rich, 490 So.2d at 1171.
After the six month period had elapsed, the worker proceeded to the district court first rather than back to the director as required by Section 1331(C). Thus, the litigation was premature. But the worker was permitted to apply to the director’s office for review of the prior recommendation and to proceed from there.
In his article, Workers’ Compensation, 47 La.L.Rev. 521 (1987), at 536, Professor H. Alston Johnson discussed the result of Rich and commented: “The decision [Rich] seem[s] fair, and make[s] the best of a rather difficult situation: an uneasy relationship between an administrative agency and the judicial system.”
The rationale of Rich was later reaffirmed in Arthur v. Union Underwear Co. Inc., 492 So.2d 873 (La.App. 3d Cir. 1986) and Brignac v. Liberty Mutual Ins. Co., 496 So.2d 1306 (La.App. 3d Cir.1986).
The Fifth Circuit recently addressed the effect of a worker's failure to reject a recommendation in Watson v. Amite Mill. Co., Inc., 504 So.2d 1149 (La.App. 5th Cir. 1987). There, OWCA had issued a recommendation awarding the worker temporary total benefits. Neither party rejected the recommendation. Subsequently the worker, dissatisfied with the recommendation, filed suit in district court. The employer responded with exceptions of res judicata and no cause of action, arguing that the worker’s failure to timely reject OWCA’s recommendation acted to perempt, or destroy, his cause of action for compensation benefits. The district court maintained the exceptions and the worker’s suit was dismissed with prejudice.
In setting aside and amending the district court judgment the Fifth Circuit distinguished Schulin, supra, relied upon by the employer, and followed the analysis of the Third Circuit in Rich, supra. The Fifth Circuit noted that the Schulin court held only the right to reject the recommendation was perempted, not the cause of action itself. Although the worker’s action was held to be premature and dismissed without prejudice because he had not applied to OWCA for modification of the recommendation, the effect of the decision was to permit him to seek modification of the initial recommendation under Section 1331(C).
In Villescas v. T.J. Ward Gen. Contractors, Inc., 504 So.2d 641 (La.App. 4th Cir. 1987), a worker filed suit to enforce an OWCA recommendation awarding him temporary total disability benefits. The employer failed to timely reject the recommendation and was therefore conclusively presumed to have accepted the recommendation under Section 1310.1. The Fourth Circuit, agreeing that Section 1310.1 established a peremptive period for rejecting a recommendation, upheld the district court judgment granting summary judgment in favor of the worker.
Although the motion for summary judgment was granted and affirmed on appeal, the employer could have nevertheless *1267 sought modification of the recommendation before the Office of Worker’s Compensation Administration under Section 1331(C). A timely rejection of the subsequent recommendation would have permitted the employer to challenge that recommendation in court. Disotell v. Wadsworth Golf Construction Co., 500 So.2d 371 (La.1987).
In Disotell, a worker filed suit to modify an earlier OWCA recommendation awarding him temporary total disability benefits. The worker claimed that he had since become totally and permanently disabled. The trial court refused to dismiss the worker’s attempt to modify the recommendation. But the court of appeal disagreed, holding that the worker’s failure to reject OWCA’s recommendation operated as an acceptance of the award under Section 1310.1; therefore, he was barred from bringing a suit to modify the recommendation.
The supreme court treated the worker’s action as a request for modification pursuant to Section 1331(C), rather than an attempt to relitigate the initial recommendation and reversed the decision of the appellate court. The court held that regardless of whether a worker accepts an award recommended by the director of the Office of Worker’s Compensation under Section 1310.1, the director shall review the award upon the worker’s seasonable application for modification and issue a new recommendation pursuant to Section 1331(C).
In the present case, the employer argues that Section 1331(C) is inapplicable to a situation where the worker has been denied compensation benefits. The employer contends a worker can only seek modification of a recommendation awarding compensation benefits, not a recommendation denying them. Otherwise, the word “modification” is rendered meaningless. The employer emphasizes that prior to its amendment in 1983, Section 1331 had been interpreted to allow a worker or an employer to seek modification of a judgment of compensation based on changed conditions, but not to relitigate a denial of compensation. See Bordelon v. Vulcan Materials Company, 472 So.2d 5 (La.1985) and LeBlanc v. Consolidated Aluminum Company, 433 So.2d 361 (La.App. 3d Cir.1983).
The employer’s argument and the trial court’s written opinion contain forceful reasoning. However, as the court noted in Rich, supra, the statute does not limit the right of review and modification to a recommendation made by the director of OWCA finding disability and favoring compensation. Under the statute a judgment of court is subject to modification only if it awards compensation; a judgment denying compensation is not subject to modification. The statute does not state that a recommendation of the director must award compensation in order to be subject to modification. It does not appear that the legislature intended to give the same peremptory res judicata effect to a presumed accepted recommendation of the director denying compensation issued in the administrative process as is accorded to a final judgment of court denying compensation rendered after completion of the judicial process. The word “modification”, often synonymous with the word “change”, is not necessarily as restrictively defined as argued by the employer. We subscribe to the analysis of Rich, supra, and conclude that a recommendation denying compensation should likewise be subject to review upon an application for modification filed by the claimant.
CONCLUSION AND DECREE
The worker having applied for review and modification of the recommendation of the director denying compensation and the subsequent recommendation of the director declining to modify the previous recommendation having been rejected by the worker, the worker was entitled to file suit in the district court. The judgment of the district court sustaining the exception and dismissing plaintiff's suit is reversed. The exception is overruled, and this case is remanded to the district court for further proceedings. Costs of the appeal are assessed to the defendant-appellee.
REVERSED AND REMANDED.

. Only the certificate issued April 2, 1986 appears in the record. However, we accept the *1263 representations of the parties in their briefs and the statements of the trial court in its written reasons for judgment as to the dates and contents of the other documents referred to.